IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION

CRISTINA RENEE CHAFFIN                                                                           PLAINTIFF

v.                                        No. 2:08CV00096 JLH

STEPHEN J. EICHERT, D.O.;
THE MEDICAL ASSURANCE
COMPANY, INC.; and JOHN DOE                                                                  DEFENDANTS

**OPINION AND ORDER**

Cristina Chaffin brought this action against Stephen Eichert and The Medical Assurance Company. She also named a John Doe defendant to the extent there is an excess liability carrier for Mid-South Neurosurgery. Chaffin has alleged medical negligence, medical malpractice, breach of implied warranty, and vicarious liability under Arkansas law. According to her complaint, subject matter jurisdiction exists under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. Eichert and The Medical Assurance Company each moved to dismiss for lack of venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. The Medical Assurance Company moved in the alternative for a change of venue under 28 U.S.C. § 1404.

In a federal diversity action, venue is proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated . . . ." 28 U.S.C. § 1391(a). Federal law no longer requires that venue be laid in a particular division within a district. 14D CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3809 (3d ed.2007). Chaffin filed her complaint in the Eastern District of Arkansas, which includes Jonesboro, the place where the events giving rise to the claim occurred. Even though she filed the action in the Helena division,

venue is proper in the Eastern District.  The defendants' motion to dismiss for lack of venue is therefore denied.

Under federal law, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.  28 U.S.C. § 1404(a); *see also Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). When a court takes the convenience of the parties and witnesses as well as the interest of justice into account, it may consider, among other things: (1) the accessibility to records and documents, (2) the location where the conduct complained of occurred, (3) the applicability of the forum state's substantive law, (4) judicial economy, (5) the plaintiff's choice of forum, and (6) the comparative costs to the parties of litigating in each forum.  *Id.*

In arguing for a transfer to Jonesboro, the defendants point out that many of the witnesses to this action live in the Jonesboro division, Chaffin lives in the Jonesboro division,[1] the events giving rise to the action occurred in the Jonesboro division, and the suit has been filed against a Jonesboro healthcare facility's liability carrier and a physician working in Jonesboro at the time the alleged negligent conduct took place.  Furthermore, the defendants argue, this case would properly be brought under Arkansas law in the county where the medical care at issue took place. ARK. CODE ANN. § 16-55-213(e).  Chaffin points out that both defendants, who would also be witnesses, are located outside of Arkansas.  Chaffin also argues that the accessibility to records would not be affected by a change in venue from Helena to Jonesboro and that Jonesboro would not be any more convenient than Helena for any out-of-state witnesses.  Chaffin argues that the plaintiff's choice of

---

[1] The complaint says that her address is "125 South Magnolia, Trumann, Pulaski County, Arkansas 72427."  Trumann is in Poinsett County, not Pulaski County, approximately 17 miles from Jonesboro and approximately 105 miles from Helena.

forum should be given great weight and that Jonesboro would be no more convenient to her since she chose Helena as the venue. Chaffin concedes that there is no difference in costs of litigation between the two divisions.

In this case, the alleged negligent conduct occurred in Jonesboro, Arkansas, less than 20 miles from Chaffin's home. It is likely that Jonesboro would be more convenient than Helena for any in-state witnesses. For out-of-state witnesses, neither Jonesboro nor Helena would be more convenient, and the costs of litigating in either division would be the same. The divisions within the district remain in part to allow people in the communities local access to the federal judiciary. Since this case involves alleged negligent conduct at a medical facility in Jonesboro, trial should take place in Jonesboro so that patrons of that facility can attend if they choose. For the convenience of the parties and witnesses and in interests of justice, this action will be transferred to the Jonesboro division. For these reasons, the defendants' request that this case be transferred to the Jonesboro division is GRANTED, but their motions to dismiss are denied. Documents #19 and #20.

The Court orders that the Clerk transfer this case to the Jonesboro division of the Eastern District of Arkansas.

IT IS SO ORDERED this 6th day of January, 2009.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE