**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CRISTINA RENEE CHAFFIN                                                                          PLAINTIFF

v.                                              No. 3:09CV00002

STEPHEN J. EICHERT, D.O.; THE MEDICAL
ASSURANCE COMPANY, INC.; and JOHN DOE                                           DEFENDANTS

**OPINION AND ORDER**

Cristina Chaffin brought this diversity action against Stephen J. Eichert, D.O., and The Medical Assurance Company, which provided liability insurance for Mid-South Neurosurgery, Inc., and Eichert, alleging that Eichert was negligent in connection with an endoscopic lumbar decompression, diskectomy, interbody fusion, and segmented fixation at the L4-5 region on June 14, 2006, at Mid-South Neurosurgery, Inc.

Chaffin voluntarily provided an "Authorization to Disclose Protected Health Information" to The Medical Assurance Company on November 13, 2008. That document authorizes the following facilities to disclose information from Chaffin's medical records: Mid-South Neurosurgery, St. Bernards Medical Center, Semmes-Murphy Clinic, The Med Regional Medical Center at Memphis, First Care-Matthews Clinic, and Smyth County Community Hospital. The information to be disclosed includes health information from January 1, 2005 to the present date and that relates to back surgeries that were performed on June 14, 2006 and October 18, 2006. The Medical Assurance Company has informally requested an authorization that imposes no limits on the providers who are authorized to release records or the time period during which the medical care covered by the records was provided, but Chaffin has not provided such an unlimited release.

The Medical Assurance Company argues that because Chaffin's claims in this lawsuit are based on medical negligence, her entire medical history is at issue and she should be required to permit the release of any and all medical records under the broad discovery provisions of the federal rules. Rule 26(b)(1) provides:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

FED. R. CIV. P. 26(b)(1). In the letter accompanying Chaffin's medical release, her counsel stated: "[a]s discovery progresses, should you believe additional releases are needed, please forward the provider's name and any other relevant information for our consideration." At the time Chaffin responded to the motion to compel, no request for additional releases had been made by either The Medical Assurance Company or Dr. Eichert. Thus, at this time Chaffin has not refused any request for a release for any specific medical record. Consequently, there is nothing before the Court to show that a dispute exists as to the discoverability of any medical records. It may be that, when all of Chaffin's medical care providers are identified through interrogatories and depositions, the parties will agree as to which records are discoverable and which are not. Therefore, the motion to compel is denied as premature.

Pursuant to Rule 26(c)(1), The Medical Assurance Company also argues that Chaffin should share in the defendants' costs to provide her with copies of her medical records obtained by her authorization. Rule 26(c)(1) provides that a court may issue a protective order to protect a party

from, among other things, undue burden or expense. FED. R. CIV. P. 26(c)(1). Chaffin argues that she is entitled to see which records the defendants request and that the requests should not be so cost prohibitive as to be a burden. At this point, there is nothing in the record before the Court to show the extent of the medical records or the cost to defendants in duplicating these and providing them to Chaffin. Nor is there anything to show that Chaffin has refused to pay the ordinary costs of duplicating the medical records. If the defendants obtain medical records, and if Chaffin refuses to reimburse the defendants for reasonable expenses incurred in duplicating them for her, the Court will entertain a motion for a protective order.

Stephen Eichert's motion for joinder is GRANTED. Document #35. The Medical Assurance Company's motion to compel is DENIED. Document #31.

IT IS SO ORDERED this 9th day of February, 2009.

*J. Leon Holmes*

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE