**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CRISTINA RENEE CHAFFIN                                                                                    PLAINTIFF

v.                                          No. 3:09CV00002 JLH

STEPHEN J. EICHERT, D.O.; THE MEDICAL
ASSURANCE COMPANY, INC.; and JOHN DOE                                         DEFENDANTS

### ORDER

The Medical Assurance Company, Inc., has filed a motion to extend deadlines for expert designations, and Stephen J. Eichert, D.O., has filed a motion to join that motion to extend.

In their Rule 26 report the parties agreed that the plaintiff would designate her experts by February 8, 2009, and that the defendants would designate their experts by March 25, 2009. The Court's scheduling order did not include a deadline for designations of experts. Later, by agreement, an order was entered setting the current deadlines for designating experts. That order requires that the plaintiff designate experts on or before March 9, 2009, and that the defendants designate their experts on or before April 23, 2009, provided that the parties may extend these deadlines upon agreement or upon an order of this Court for good cause shown.

The plaintiff made her expert designation on March 9, 2009, as the parties agreed and the Court ordered. On March 31, 2009, The Medical Assurance Company moved to extend the deadline for the defendants to designate experts to a period not to exceed 45 days after the deposition of plaintiff's experts, but in no event later than September 25, 2009, and Stephen J. Eichert has joined that motion. The plaintiff objects and has attached to the objection correspondence predating the Rule 26 report. The correspondence shows that defense counsel proposed a protocol whereby the plaintiff would first designate experts, then the defendants would be given 45 days to depose the

plaintiff's experts, and after the depositions of the plaintiff's experts the defendants would have an additional 30 days to designate their experts. Plaintiff's counsel would not agree with that schedule. Thereafter, the parties submitted their Rule 26 report with the agreed deadlines stated above – first the plaintiff would designate her experts, and the defendants would designate theirs 45 days later. Now, after the plaintiff has designated her experts (as the parties agreed and the Court ordered), the defendants are asking the Court to give them the schedule that they previously asked of the plaintiff but to which the plaintiff did not agree.

Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure provides, that absent a stipulation or court order, expert disclosures must be made at least 90 days before the date set for trial. Here, the parties entered into a stipulation requiring expert disclosures to be made far more than 90 days before trial. As mentioned above, the parties agreed that the plaintiff would designate her experts on a certain date and that the defendants would designate their experts 45 days later. That agreement later became part of an order entered by the Court without objection.

In their motion to extend the deadline for designating their experts, the defendants refer to a trial beginning May 4, 2009, involving one of the defense attorneys as a reason for extending the deadline, but presumably that trial was scheduled long ago and known to the defendants when they stipulated to the schedule in the Rule 26 report. Under the circumstances, the Court does not see good cause for setting aside the stipulation of the parties and imposing, over the objection of one of the parties, a materially different protocol for expert designations. If there had been no stipulation in the first instance, or if following the stipulation some unexpected obstacle to meeting the agreed deadline had been encountered, the Court might be willing to grant the defendants' request. However, as noted, they agreed to the current schedule, and they have presented no information to

show that an unexpected development has occurred since that agreement that would justify excusing them from it. The parties made an agreement and the plaintiff has kept her part of it, so the defendants are bound to keep their part as well. Therefore, the motions to extend the deadline for expert designations are DENIED. Documents #60 and #61.

　　　　IT IS SO ORDERED this 16th day of April, 2009.

　　　　　　　　　　　　　　　　　　　　　　/s/ J. Leon Holmes
　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　J. LEON HOLMES
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE