# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

CRISTINA RENEE CHAFFIN                                                    PLAINTIFF

v.                                     No. 3:09CV00002 JLH

STEPHEN J. EICHERT, D.O.; THE MEDICAL
ASSURANCE COMPANY, INC.; and JOHN DOE                        DEFENDANTS

## ORDER

Cristina Renee Chaffin has filed a motion *in limine* seeking to exclude several items of evidence.

Chaffin first seeks to exclude evidence of her bankruptcy filings on the grounds that the evidence is irrelevant and unfairly prejudicial. The defendants agree not to present any evidence relating to any bankruptcy filed by the plaintiff. Therefore, the motion *in limine* is granted as to evidence pertaining to any bankruptcies that Chaffin has filed.

Chaffin next argues that evidence of any prior arrests and convictions should be excluded pursuant to Rule 609(a) of the Federal Rules of Evidence. She says that a conviction for DUI or disorderly conduct does not involve dishonesty or a false statement and is not punishable by imprisonment in excess of one year, so such evidence would not be admissible. The defendants stated that they do not intend to offer any evidence relating to her DUI convictions and therefore do not oppose that portion of her motion. They say that she was charged with battery in April 2009 and wish to call as a witness the person who signed the affidavit for criminal summons in that case to rebut Chaffin's allegations that she has been rendered unable to perform a variety of physical activities as a result of the care and treatment at issue in this case. Rule 609(a) excludes certain evidence of prior convictions for the purpose of attacking the character for truthfulness of a witness.

It does not, however, exclude evidence of criminal activity that may be relevant for issues other than to prove the character of the party at issue. Here, Chaffin's ability to engage in physical activity is at issue. The Court cannot say in advance of trial that evidence that she committed battery would not be relevant to the issue of her capacity to engage in physical activities. Therefore, the motion *in limine* is granted as to evidence of Chaffin's DUI convictions but denied as to evidence pertaining to the battery charge discussed in the defendants' brief.

Chaffin next moves to exclude evidence that she has abused pain medication. The defendants respond and say that they can show at trial that she obtained pain medications simultaneously from multiple physicians in violation of at least three pain medication contracts during the years of 2005, 2006, and 2007. They also say that they can show that Chaffin was misrepresenting her physical pain level and the amount of pain medication that she was receiving during the time period immediately following the surgery at issue. Here, Chaffin is alleging that she has suffered physical pain as a result of medical malpractice committed by Dr. Eichert in connection with surgery on her low back. Evidence of the physical pain that she suffered before and after the surgery is directly relevant to the issues in this case, and the Court does not see how that evidence can be admitted without including evidence of the pain medications she was taking. Therefore, the motion *in limine* to exclude evidence relating to Chaffin's pain medications is denied.

Chaffin's next argument is that the Court should exclude evidence of injuries or illnesses unrelated to her lumbar region or to the surgery performed by Dr. Eichert. She contends that evidence of other injuries or medical problems would be irrelevant and should be excluded pursuant to Rules 401 and 403. The Court cannot say in advance of trial that evidence of other injuries or

illnesses, in general, is irrelevant. Therefore, the motion *in limine* is denied as to evidence of other illnesses and injuries.

Chaffin next moves to exclude evidence of the location or residence of her attorneys and how her attorneys were retained. The defendants do not oppose this portion of her motion and agree to avoid such evidence at trial. Therefore, the motion *in limine* is granted as to the location or residence of Chaffin's attorneys and how they were retained.

Finally, Chaffin moves to exclude evidence of insurance payments for medical costs and lost wages. The defendants do not oppose that portion of her motion. Therefore, the motion *in limine* is granted as to evidence that any of Chaffin's medical costs and lost wages were paid by insurance.

For the reasons stated above, Chaffin's motion *in limine* is GRANTED IN PART and DENIED IN PART. Document #104.

IT IS SO ORDERED this 24th day of February, 2010.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE