**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION**

CRISTINA RENEE CHAFFIN                                                        PLAINTIFF

v.                                         No. 3:09CV00002 JLH

STEPHEN J. EICHERT, D.O.; THE MEDICAL
ASSURANCE COMPANY, INC.; and JOHN DOE                          DEFENDANTS


**<u>ORDER</u>**

Since the mistrial on December 13, 2010, Stephen J. Eichert, D.O., has filed a motion to

reconsider the Court's admission of evidence of Cristina Renee Chaffin's May 2006 abdominal CT

scan, and Chaffin has filed a motion to exclude from trial any mention of the name of the club where

she was involved in an incident on August 12, 2006.

Dr. Eichert's motion to reconsider seeks to exclude an abdominal CT scan that preceded the

date of the surgery in question and that reported the existence of a PARS defect in Chaffin's spine.

Whether or not Chaffin had a PARS defect is a central issue in the case and, as the evidence has been

described to the Court, goes directly to the issue of whether the device used by Dr. Eichert was

appropriate for Chaffin.  As it has been described to the Court, the device used is contraindicated for

a patient with a known PARS defect.  Nevertheless, Dr. Eichert has moved to exclude the evidence

that the abdominal CT scan showed a PARS defect on the ground that the expert testimony has

indicated that abdominal CT scans are unreliable indicators of whether a PARS defect exists and on

the ground that the experts have testified in depositions that a surgeon such as Dr. Eichert need not

review abdominal CT scans in preparation for surgery.  Thus, the argument goes, admitting the

abdominal CT scan into evidence likely will confuse the issues and mislead the jury.

The Court has previously heard these arguments and has previously rejected them.  The Court is still unpersuaded by the arguments by Dr. Eichert that the abdominal CT scan should be excluded from evidence.  As Rule 401 of the Federal Rules of Evidence provides, evidence is relevant if the evidence has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  One of the factual issues in this case is whether Chaffin had a PARS defect at the time Dr. Eichert performed surgery.  The abdominal CT scan has some tendency to make the existence of that fact more probable than it would be without the abdominal CT scan.  Of course, Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury," but the Court does not believe that the probative value of the abdominal CT scan is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.  The expert testimony to which Dr. Eichert refers in his motion is evidence that can and should be presented to the jury so that the jury can determine the weight to be given to the abdominal CT scan.  The Court does not believe that a jury will be confused or misled by the evidence.

It should be noted that the CT scan is not an expert opinion formed after the fact as a part of a forensic analysis; it is part of Chaffin's medical history.  It is a medical record generated for the purpose of providing medical care to Chaffin during a period of time relevant to this action.  It is part of the story.  We will not hide that part of the story from the jury.  The Court is convinced that it would unfair to Chaffin to exclude that part of the medical history, and the Court is equally convinced that the jury will be able to assess the probative value of that evidence.

As noted, Chaffin has filed a motion *in limine* to exclude the name of the club at which she was involved in an altercation in August of 2006, which was during the time that she alleges that she was impaired due to the negligence of Dr. Eichert in performing spinal surgery.  She concedes that the incident has some relevance at trial, but she asks the Court to exclude any mention of the name of the club at which the incident occurred because she believes that mentioning the name of the club where the incident occurred will unfairly prejudice her in the eyes of the jury.

While Chaffin is no doubt correct that the name of the club is not, strictly speaking, relevant to the issues in the case, the incident at the club is part of the story that will have to be told in addressing an issue that is relevant to the case.  The Court can either order that no one mention the name of the club and hope that no lawyer or witness inadvertently mentions it during the course of the trial, or deny the motion *in limine* so that the parties can address the issue with the prospective jurors during voir dire.  Because the incident is relevant and must be told during trial, it is the opinion of the Court that the better course is to deny the motion *in limine* so that the lawyers can address the issue with prospective jurors during voir dire rather than ordering witnesses to eliminate from their testimony an integral part of the story that will be told, running the risk that some lawyer or witness inadvertently will violate the order and mention the name of the club.

For these reasons, Dr. Eichert's motion to reconsider is denied.  Document #145.  Chaffin's motion *in limine* to exclude club name is denied.  Document #152.

The docket also shows as pending a motion filed on December 6, 2010, by Dr. Eichert objecting to certain of Chaffin's deposition designations.  It is the understanding of the Court that those issues were resolved, so that motion is denied as moot.  Document #131.  If the Court is incorrect as to whether those issues were resolved, Dr. Eichert may renew his motion before trial.

The Medical Assurance Company has filed motions to adopt the motions filed by Dr. Eichert. Those motions are granted.  Documents #150 and #156.  In the future, The Medical Assurance Company need not file a motion for joinder but need only file a statement saying that it adopts by reference the motion and arguments of Dr. Eichert, and the Court will consider the motion as having been jointly made by both defendants.

IT IS SO ORDERED this 27th day of January, 2011.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE